DA 09-0009

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 306N

IN THE MATTER OF CHANGE APPLICATION
NO. 41S-30013940 BY T LAZY T RANCH, INC.,

Petitioner and Appellee,

v.

MONTANA DEPARTMENT OF NATURAL
RESOURCES AND CONSERVATION,

Respondent and Appellant.

APPEAL FROM:    District Court of the Tenth Judicial District,
In and For the County of Judith Basin, Cause No. DV 08-12
Honorable Wm. Nels Swandal, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Kevin R. Peterson and Candace F. West, Department of Natural Resources
& Conservation, Helena, Montana

For Appellee:

John R. Christensen, Ragain, Christensen, Fulton & Filz, Billings,
Montana

Submitted on Briefs:  July 8, 2009

Decided:  September 15, 2009

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The Montana Department of Natural Resources and Conservation (DNRC) appeals from an order of the Tenth Judicial District Court, Judith Basin County, denying its motion to dismiss the petition for judicial review of T Lazy T Ranch, Inc. (T Lazy T).

¶3 T Lazy T applied to DNRC for a change in its existing water rights pursuant to § 85-2-402, MCA. After consideration, DNRC issued a Proposal for Decision, pursuant to § 2-4-621, MCA, which recommended denial of T Lazy T's application. T Lazy T did not file exceptions to the Proposal for Decision. Thus, DNRC entered a Final Order in which it fully adopted its Proposal for Decision, resulting in denial of the application.

¶4 The Proposal for Decision advised T Lazy T that, "Any party adversely affected by this Proposal for Decision may file exceptions and a supporting brief with the Hearing Examiner and request oral argument." DNRC's Final Order stated:

> A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under the Montana Administrative Procedure Act . . . . A petition for judicial review under this chapter must be filed in the appropriate district court within 30 days after service of the final order (Mont. Code Ann. § 2-4-702).

2

¶5    T Lazy T petitioned the District Court for review of the Final Order of DNRC. DNRC moved the District Court to dismiss the petition for lack of subject matter jurisdiction, arguing that because T Lazy T did not file exceptions to the Proposal for Decision it did not exhaust its administrative remedies, and therefore the District Court did not have jurisdiction to hear the matter.

¶6    In response to the motion to dismiss, T Lazy T conceded that it did not file exceptions to the Proposal for Decision, and argued that it would be inequitable to deny judicial review of DNRC's Final Order because the notices did not clearly state that filing exceptions to the Proposal for Decision was required in order to seek judicial review of the Final Order.

¶7    The District Court concluded after a hearing that the notice provision concerning the availability of judicial review was misleading because it did not clearly inform T Lazy T that filing exceptions is a requirement to judicial review. The District Court's reasoning hinged on the fact that the permissive "may" is used in the notice contained in the Proposal for Decision.

¶8    The District Court denied DNRC's motion to dismiss, and remanded to DNRC with the instruction to reopen the case giving T Lazy T 30 days to file any exceptions to the Proposal for Decision.

¶9    On appeal, DNRC claims the District Court erred in concluding that the notice provision in the Final Order was misleading and in remanding the case back to the agency. According to DNRC, the necessity of exhausting administrative remedies is a major underpinning of administrative law and T Lazy T should have known it had to file

exceptions to the Proposal for Decision. DNRC further contends that remanding the matter to the DNRC and allowing T Lazy T to file exceptions to the Proposal for Decision is "nonexistent discretionary equitable relief." In addition, DNRC asserts that the District Court erred in not dismissing T Lazy T's petition because it was insufficient under § 2-4-702(2)(b), MCA.

¶10 The question of whether a district court properly granted a motion to dismiss is a conclusion of law which we review to determine if the court's interpretation and application of the law is correct. A motion to dismiss should be construed in a light most favorable to the non-moving party and should not be granted unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its claim which would entitle it to relief. *Public Lands Access Ass'n, Inc. v. Jones*, 2008 MT 12, ¶ 9, 341 Mont. 111, 176 P.3d 1005.

¶11 Leaving aside the question whether the failure to exhaust administrative remedies deprives a district court of "jurisdiction," that is, authority to rule on the matter before it, we agree with the District Court that neither the permissive language in the Proposal for Decision's notice concerning filing exceptions, nor the language in the Final Order regarding judicial review, clearly informed T Lazy T that filing exceptions to the Proposal for Decision is a necessary step before seeking judicial review.

¶12 We further agree with the District Court that an expeditious and equitable remedy is to remand to the DNRC with instructions to allow T Lazy T to file exceptions to the Proposal for Decision.

4

¶13 No further action is required on the present petition for judicial review. We need not discuss DNRC's contention that T Lazy T's petition does not meet the requirements of § 2-4-702(2)(b), MCA.

¶14 Affirmed.

/S/ JOHN WARNER


We Concur:

/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS